## Edward G. W. Rietz *et al.*

*v.*

## Frank Coyer *et al.*

Mechanic's lien—*limitation.* A material-man, who has furnished lumber for the erection of a building, can not enforce his lien against the estate of the owner of the building, after the expiration of six months from the time payment is due, so as to cut off the lien of other creditors who have proved their claims, where the personal estate is insufficient for their payment.

Writ of Error to the Circuit Court of Kankakee county; the Hon. N. J. Pillsbury, Judge, presiding.

Messrs. Bonfield & Paddock, for the plaintiffs in error.

Messrs. W. H. Richardson & Bro., for the defendants in error.

Mr. Justice Breese delivered the opinion of the Court:

This was a petition in the Kankakee circuit court, by Edward G. W. Rietz and others, as partners in the lumber business, plaintiffs, and against Frank Coyer and others, defendants, to enforce a lien for materials furnished in the construction of a house on the premises described.

It is alleged the contract was made with Alexis Blanchette, who died in January, 1873, and Matilda Blanchette, his widow, and Frank Coyer were appointed administrators on his estate. They deny the right to a lien as claimed, setting up that provision of the statute which provides that no creditor shall be allowed to enforce his lien to the prejudice of another creditor, unless suit shall be brought within six months; and they allege when this suit was brought there were other creditors of the estate, whose claims have been proved, and are a lien thereon. They allege complainants did not file their claim in the county court within two years.

On the hearing, the bill was dismissed, without prejudice to proceeding at law against the estate of the deceased, Blanchette.

These proceedings were instituted against the administrators of Alexis Blanchette and his heirs at law. It appears the contract for the lumber was made by the deceased in 1871, and for which he executed his notes on March 28, 1871, one payable July 15, 1871, and the other seven months after date. These notes plaintiffs in error filed in the probate court, other creditors of Blanchette filing, about the same time, their claims, amounting, with the widow's award, to more than the amount of the personal property. This being the condition of affairs, plaintiffs in error withdrew the notes, and, in July, 1874, filed this petition for a lien.

These creditors who had their claims allowed must be regarded as judgment creditors. The claim of these material-men for a lien, not having been asserted until after the lapse of six months, can not, under the statute, prevail against the lien of these judgment creditors. R. S. 1874, p. 668.

In the case cited by plaintiffs in error (*Shaeffer et al.* v. *Weed et al.* 3 Gilm. 511) it was held, if the creditor who has furnished the labor or materials shall not file his bill until after the expiration of six months from the time payment was due to him by the terms of his contract, in that case his lien ceases as against any other such creditor or incumbrancer by mortgage, judgment or otherwise, existing at the time of the rendition of his judgment, whether the same were created prior or subsequent to the making of the contract under which he seeks to enforce his lien.　p. 517.

We think this case controls the one before us, and the lien of plaintiffs in error, as claimed, can not be enforced.

The decree of the circuit court dismissing the bill was right, and it must be affirmed.

*Decree affirmed.*